```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
KAVON FORD,                                                 :
                                                            :      18 Civ. 1815 (PAE)
                                    Plaintiff,              :
                                                            :      OPINION & ORDER
            -v-                                             :
                                                            :
MILLER, Superintendent; MALFI, Deputy Asst.                 :
Superintendent of Programs; MCBEAN, Sgt.;                   :
ODYESSEY HOUSE; W. BRUNO, Guidance Counselor                :
Supervisor; MRS. BARBER, Guidance Counselor,                :
                                                            :
                                    Defendants.             :
                                                            :
------------------------------------------------------------X
```

PAUL A. ENGELMAYER, District Judge:

Plaintiff Kavon Ford, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against Superintendent Seiveright Miller, Deputy Superintendent for Programs Judi Mulfi,[1] Sergeant Leslie McBean, and Guidance Counselor Wendy Bruno, all of whom are employed by the New York State Department of Corrections and Community Supervision ("DOCCS") and work at the Edgecombe Residential Treatment Facility ("Edgecombe") (collectively, the "DOCCS Defendants"); Odyssey House,[2] a substance abuse and mental health treatment organization that provides services at Edgecombe pursuant to a contract with New York; and Kashifha Barber, an Edgecombe guidance counselor employed by Odyssey. Ford, a parolee who participated in the substance abuse program at Edgecombe, alleges that defendants violated his

---

[1] Deputy Superintendent for Programs Judi Mulfi is improperly named in the complaint as "Deputy Asst. Superintendent of Programs Malfi." The Clerk of the Court is respectfully requested to change the caption to "Mulfi, *Deputy Superintendent for Programs*."

[2] Odyssey House is improperly named in the Complaint as "Odyessy House." The Clerk of the Court is respectfully requested to change the caption to "Odyssey House."

Fifth, Fourteenth, and Eighth Amendment rights when they discharged him from Edgecombe without due process. As a result of failing to complete the Edgecombe program, Ford was charged with a violation of his parole conditions and reincarcerated.

On February 27, 2018, Ford filed his complaint. Dkt. 2 ("Compl."). On August 31, 2018, defendants moved to dismiss Ford's complaint. Dkts. 29, 32. On August 23, 2019, the Hon. Barbara C. Moses, Magistrate Judge, issued a Report and Recommendation, recommending that the Court (1) grant defendants' motions to dismiss Ford's complaint, and (2) deny Ford leave to replead. Dkt. 71 (the "Report"). For the following reasons, the Court adopts the Report in full.

I. **Background**

The Court adopts and incorporates the Report's detailed account of the facts and procedural history. Report at 2–10.

On August 23, 2019, Judge Moses issued the Report. The Report explicitly stated that objections were due within fourteen days and that "[f]ailure to file timely objections will result in a waiver of subject objections." Report at 27. On the same day, Judge Moses issued an order noting that Ford's "Earliest Release Date" and "Post-Release Supervision Maximum Expiration Date" were September 5, 2019 and instructing Ford promptly to provide the Court with his new address and contact information when he was released. Dkt. 72. On August 26, 2019, Judge Moses's chambers mailed a copy of the Report to Ford at his correctional facility address. On September 6, 2019, Ford provided his new address. Dkt. 74. Ford has yet to file any objections.

II. **Legal Standards**

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are timely made, "[t]he district judge must

determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF) (RLE), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. UPS*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

### III. Discussion

Because neither party has timely submitted objections to the Report, review for clear error is appropriate.[3] Careful review of Judge Moses's thorough and well-reasoned Report reveals no facial error in its conclusions. The Court, therefore, adopts the Report in its entirety.

---

[3] For avoidance of doubt, the Court would adopt, under either a clear error or a *de novo* standard of review, the Report's conclusion that Ford's complaint should be dismissed because Ford lacks a protectable liberty interest. *See* Report at 17–23. Ford argues that he has a liberty interest because (1) he has a continued interest in parole, *see* Compl. ¶ 24 (claiming that defendants' unlawful procedures resulted in his discharge from Edgecombe and revocation of his post-release supervision); and (2) he should have been classified as an "inmate" at Edgecombe and, therefore, had an interest in receiving proper prison disciplinary procedures, *see* Compl. ¶ 18. That is wrong, for two independent reasons. First, Ford, as a parolee, has a "conditional liberty" interest in his continued release, but this interest was protected by his preliminary probable cause hearing and final revocation hearing. *See Morrissey v. Brewer*, 408 U.S. 471, 484–89 (1972). Ford does not challenge the adequacy of those hearings but, instead, challenges the "Stabilization Procedure" that led to the preceding recommendation that he should be discharged from Edgecombe. He has no liberty interest in remaining in Edgecombe's treatment program. Report at 18–20; *see also Moore v. Peters*, 92 F. Supp. 3d 109, 123 (W.D.N.Y. 2015); *Roundtree v. Bartlett*, No. 10 Civ. 0828A(F) (MAT), 2011 WL 666173, at *3 (W.D.N.Y. Feb. 11, 2011); *Marsh v. Bellinger*, No. 06 Civ. 464 (HBS), 2009 WL 3429775, at *7 (W.D.N.Y. Oct. 19, 2009). Second, Ford is not an inmate, and even if he were, his discharge from Edgecombe and return to incarceration would not rise to the level of an "atypical and significant hardship" in comparison to the hardships of the general prison population, which is required to implicate a protected liberty or property interest. *See* Report at 20–23; *see also Barnes v. Abdullah*, No. 11 Civ. 8168 (RA), 2013 WL 3816586, at *4 (S.D.N.Y. July 22, 2013) (no atypical and significant hardship and no liberty interest where inmate removed from substance abuse treatment program); *cf.*

In addition, the Report expressly states that "the parties shall have fourteen days . . . to file written objections" and "[f]ailure to file timely objections will result in a waiver of such objections and will preclude appellate review." Report at 27. Accordingly, each party's failure to object to the Report in a timely manner operates as a waiver of appellate review. *See Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (summary order) (quoting *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992)).

## CONCLUSION

For the reasons stated herein, the Court adopts the Report in full, including the Report's conclusion that Ford would not be able to cure the deficiencies of his pleading through amendment to the complaint. Ford's complaint is hereby dismissed with prejudice without leave to amend. The Court declines to issue a certificate of appealability and certifies that any appeal from this order would not be taken in good faith; therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

The Court respectfully directs the Clerk of Court to terminate the motions pending at Dockets 29 and 32 and to mail a copy of this decision to Ford at the address on file.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: September 25, 2019
New York, New York

---

*Vaughn v. Phoenix House Programs of New York*, No. 14 Civ. 3918 (RA), 2015 WL 5671902, at *4 (S.D.N.Y. Sept. 25, 2015) (no liberty interest where defendant chooses substance abuse treatment program as alternative to prison).

4